UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
————————————————————————X
FRANCES FARLEY

                  Plaintiff,

    - against -

SUFFOLK COUNTY, SUFFOLK COUNTY
POLICE DEPARTMENT, SUFFOLK COUNTY
POLICE OFFICER FRANK SANTANELLO, in his
individual and official capacities, SUFFOLK
COUNTY POLICE OFFICER LUCAS MOELLER,
In his individual and official capacities, SUFFOLK
COUNTY POLICE OFFICER EDWARD SCHMITT,
in his individual and official capacities,


                  Defendants.
————————————————————————X

**DOCKET NO.:   2:20-cv-2363**

**COMPLAINT**

***JURY TRIAL DEMANDED***

      Plaintiff FRANCES FARLEY, by and through her attorneys, the LAW OFFICES OF

JASON BASSETT, P.C., as and for her Complaint against the Defendants herein, states

and alleges as follows:


## PRELIMINARY STATEMENT

      1)    This is a civil action seeking monetary relief, compensatory and punitive

damages, disbursements, costs and fees for violations of the Plaintiff's rights, excessive

force, assault, battery, intentional infliction of emotional distress, and negligence, brought

pursuant to 42 U.S.C. §§ 1983, 1985 and 1986, and the 4th, 5th and 14th Amendment to

the United States Constitution and New York State Law.

2)	Specifically, the Plaintiff, FRANCES FARLEY, alleges that the Defendants (collectively and individually) negligently, wantonly, recklessly, intentionally and knowingly sought to and did wrongfully deprive Plaintiff of her Constitutional rights, pursuant to the above-mentioned statutes and causes of action by committing acts under color of law and depriving the Plaintiff of rights secured by the Constitution and laws of the State of New York.

3)	Plaintiff alleges that Defendant SUFFOLK COUNTY POLICE OFFICER FRANK SANTANELLO unlawfully harassed, summarily punished, physically battered, assaulted, and used excessive force against Plaintiff FRANCES FARLEY.

4)	Plaintiff alleges that the SUFFOLK COUNTY POLICE OFFICER FRANK SANTANELLO used unreasonable and excessive force against Plaintiff FRANCES FARLEY and was grossly negligent, recklessly and/or intentionally breached his duty of care in physically abusing Plaintiff FRANCES FARLEY, while SUFFOLK COUNTY POLICE OFFICER LUCAS MOELLER and SUFFOLK COUNTY POLICE OFFICER EDWARD SCHMITT were grossly negligent, recklessly and/or intentionally breached their duties of care and duties to intervene in their failure to contact the SUFFOLK COUNTY POLICE DEPARTMENT or Suffolk County Police Department Internal Affairs Bureau regarding the illegal actions of SUFFOLK COUNTY POLICE OFFICER FRANK SANTANELLO as described herein.

5)	SUFFOLK COUNTY and SUFFOLK COUNTY POLICE DEPARTMENT were grossly negligent, recklessly and/or intentionally breached their duties of care and duties to intervene with respect to their interactions with and treatment of Plaintiff

FRANCES FARLEY as further described below and, subsequent to the excessive and unnecessary force visited upon FRANCES FARLEY, by failing to appropriately investigate, reprimand and/or arrest SUFFOLK COUNTY POLICE OFFICER FRANK SANTANELLO for his employment of unreasonable force against Plaintiff FRANCES FARLEY and by failing to appropriately investigate and/or reprimand SUFFOLK COUNTY POLICE OFFICER LUCAS MOELLER and SUFFOLK COUNTY POLICE OFFICER EDWARD SCHMITT, as further described herein, for their failure to contact the SUFFOLK COUNTY POLICE DEPARTMENT or Suffolk County Police Department Internal Affairs Bureau.

6) Plaintiff further alleges that SUFFOLK COUNTY and SUFFOLK COUNTY POLICE DEPARTMENT, (collectively and individually) were negligent in training, hiring and supervising its employees, representatives, and/or agents. Specifically, SUFFOLK COUNTY and SUFFOLK COUNTY POLICE DEPARTMENT failed to meaningfully investigate, arrest, or otherwise take appropriate action upon the utilization of unreasonable violence employed against FRANCES FARLEY by SUFFOLK COUNTY POLICE OFFICER FRANK SANTANELLO and failed to meaningfully investigate or take appropriate action regarding the failure of SUFFOLK COUNTY POLICE OFFICER LUCAS MOELLER and SUFFOLK COUNTY POLICE OFFICER EDWARD SCHMITT, as further described herein, to contact the SUFFOLK COUNTY POLICE DEPARTMENT or Suffolk County Police Department Internal Affairs Bureau.

7) Moreover, Plaintiff alleges that SUFFOLK COUNTY and SUFFOLK COUNTY POLICE DEPARTMENT (collectively and individually) were deliberately

indifferent to the need to train the Police Officers, employees, staff, and agents in their employ, including SUFFOLK COUNTY POLICE OFFICER FRANK SANTANELLO, SUFFOLK COUNTY POLICE OFFICER LUCAS MOELLER, and SUFFOLK COUNTY POLICE OFFICER EDWARD SCHMITT. Upon information and belief, rather than conduct a fair and impartial Internal Affair Bureau ("IAB") review of the claims and allegations against SUFFOLK COUNTY POLICE OFFICER Defendants, the Suffolk County IAB merely conducted a perfunctory review to exonerate SUFFOLK COUNTY POLICE OFFICER Defendants when SUFFOLK COUNTY and SUFFOLK COUNTY POLICE DEPARTMENT knew and had reason to know that, *inter alia*, a civilian witness reported that SUFFOLK COUNTY POLICE OFFICER FRANK SANTANELLO had used excessive and unnecessary force against the Plaintiff and that SUFFOLK COUNTY POLICE OFFICER LUCAS MOELLER and SUFFOLK COUNTY POLICE OFFICER EDWARD SCHMITT had failed to report the incident to SUFFOLK COUNTY POLICE DEPARTMENT or Suffolk County Police Department Internal Affairs Bureau..

8)    Accordingly, Defendants are liable to the Plaintiff for use of excessive force, assault, battery, abuse of process, and for conspiring to condone and encourage such civil rights violations, for conspiring to violate Plaintiff's Civil Rights, and for failing to investigate, reprimand and/or punish the actions of the individual Defendants.

9)    As a result of the Defendants' actions (or lack thereof), Plaintiff FRANCES FARLEY suffered physical pain, emotional scarring and suffering, was caused to undergo medical treatment for serious physical injuries that she sustained at the hands of SUFFOLK COUNTY POLICE OFFICER FRANK SANTANELLO as a result of the use

of unnecessary and excessive force. Plaintiff incurred significant cost and expenses due to the Defendants' actions, including but not limited to: medical bills, serious physical injuries, emotional distress, and other costs/expenses.

## JURISDICTION AND VENUE

10) The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1343.

11) This Court is requested to exercise supplemental jurisdiction with respect to Plaintiff's New York State Law claims pursuant to 28 U.S.C. §1367.

12) Venue in the Eastern District of New York is proper under 28 U.S.C. § 1391 based on the fact that the place where the events and violations herein alleged occurred was in Suffolk County, New York.

## ADMINISTRATIVE PROCEEDINGS AND TIMELINESS

13) On or about May 29, 2019, Plaintiff timely and properly served notice of claim on the Municipal Defendants in accordance with New York General Municipal Law § 50-e. Defendants conducted an examination under oath of the Plaintiff pursuant to New York General Municipal Law § 50-h on or about August 20, 2019.

14) Well over ninety (90) days have elapsed since the claim was presented and Defendants have failed to adjust or make payment on the claim.

15) This action has been timely commenced within the three-year statute of limitations applicable to Federal Civil Rights actions brought pursuant to 42 U.S.C. §§

1981, 1983, 1985 and 1986.

<h2 style="text-align:center"><strong><u>PARTIES</u></strong></h2>

16)     Plaintiff FRANCES FARLEY is a Caucasian female who currently residing in Suffolk County, New York.

17)     At all times relevant in this Complaint, and upon information and belief, Defendant SUFFOLK COUNTY is a municipality within New York State in receipt of federal assistance and was a recipient of federal funding at the time of the events complained of herein. Upon information and belief, Defendant SUFFOLK COUNTY was responsible for the municipal entity SUFFOLK COUNTY POLICE DEPARTMENT and its agents, assigns and employees.

18)     At all times relevant in this Complaint, and upon information and belief, Defendant SUFFOLK COUNTY POLICE DEPARTMENT is a municipal entity within Suffolk County, New York State in receipt of federal assistance and was, upon information and belief, a recipient of federal funding at the time of the events complained of herein.

19)     Upon information and belief, Defendant SUFFOLK COUNTY POLICE DEPARTMENT was responsible for the its agents, assigns and employees including but not limited to Defendants SUFFOLK COUNTY POLICE OFFICER FRANK SANTANELLO, SUFFOLK COUNTY POLICE OFFICER LUCAS MOELLER, and SUFFOLK COUNTY POLICE OFFICER EDWARD SCHMITT.

20)     At all times relevant in this Complaint, and upon information and belief,

Defendant SUFFOLK COUNTY POLICE OFFICER FRANK SANTANELLO was employed by SUFFOLK COUNTY, SUFFOLK COUNTY POLICE DEPARTMENT throughout the events complained of herein. Defendant SUFFOLK COUNTY POLICE OFFICER FRANK SANTANELLO (referred to hereinafter as "SANTANELLO") is being sued in his individual and official capacities.

21)    At all times relevant in this Complaint, and upon information and belief, Defendant SUFFOLK COUNTY POLICE OFFICER LUCAS MOELLER was employed by SUFFOLK COUNTY, SUFFOLK COUNTY POLICE DEPARTMENT throughout the events complained of herein. Defendant SUFFOLK COUNTY POLICE OFFICER LUCAS MOELLER (referred to hereinafter as "MOELLER") is being sued in his individual and official capacities.

22)    At all times relevant in this Complaint, and upon information and belief, SUFFOLK COUNTY POLICE OFFICER EDWARD SCHMITT was employed by SUFFOLK COUNTY, SUFFOLK COUNTY POLICE DEPARTMENT throughout the events complained of herein. SUFFOLK COUNTY POLICE OFFICERS EDWARD SCHMITT (referred to hereinafter as "SCHMITT") is being sued in his individual and official capacities. Further, the aforementioned Defendants were acting under color of state law.

## **FACTUAL ALLEGATIONS**

23)    On March 5, 2019, Plaintiff FRANCES FARLEY was lawfully present at 275 McKinley Drive, Mastic Beach, Suffolk County, New York.

24)     On March 5, 2019, Plaintiff FRANCES FARLEY called 911 to request that her daughter, Anne Marie Farley, be removed from the home and taken to a mental health facility.

25)     On March 5, 2019, Defendant SCHMITT was the first police officer to arrive, entering 275 McKinley Drive and putting handcuffs on Anne Marie Farley.

26)     On March 5, 2019 and after Defendant SCHMITT, Defendants SANTANELLO and MOELLER arrived and entered 275 McKinley Drive.

27)     Plaintiff FRANCES FARLEY again called 911 and while on the phone with the 911 operator was standing next to the front doorway of 275 McKinley Drive.

28)     Defendants SCHMITT, MOELLER, and SANTANELLO proceeded to escort Anne-Marie Farley out the front doorway of 275 McKinley Drive.

29)     Before exiting out the front doorway, Defendant SANTANELLO grabbed Plaintiff FRANCES FARLEY by the lapels of her sweater and violently pushed her, then grabbed her by her wrist and forcibly threw her down onto the arm of a loveseat near the front doorway, after which she crashed onto the floor, all of which caused her pain and physical injury.

30)     Defendants SANTANELLO, MOELLER, and SCHMITT left the location without making any inquiry as to the physical condition of Plaintiff FRANCES FARLEY

31)     Plaintiff FRANCES FARLEY got back on the phone with the 911 Operator and informed them that she had just been assaulted by a Suffolk County Police Officer.

32)     On March 5, 2019, Sergeant Robert Rice arrived at 275 McKinley Drive and interviewed Plaintiff FRANCES FARLEY about the events of that evening.

33)　During said interview, Plaintiff FRANCES FARLEY related to Sergeant Robert Rice the events of the evening, including the actions of Defendants SANTANELLO, MOELLER, and SCHMITT.

34)　 On or about March 12, 2019, Sergeant Robert Rice returned to 275 McKinley Drive and, upon information and belief (the source of which being Sergeant Rice himself) for the purpose of filling out a complaint on behalf of Plaintiff FRANCES FARLEY regarding the events of March 5, 2019.

35)　 On or about March 29, 2019, Sergeant Robert Rice spoke to Plaintiff FRANCES FARLEY via telephone and told her that he had submitted the complaint taken from Plaintiff FRANCES FARLEY to "Internal Affairs."

36)　 Upon information and belief, Defendants SANTANELLO, MOELLER, SCHMITT failed to report the actions of Defendant SANTANELLO at 275 McKinley Drive on March 5, 2019 to any representative or agency within SUFFOLK COUNTY POLICE DEPARTMENT or SUFFOLK COUNTY.

37)　 Upon information and belief, the IAB of SUFFOLK COUNTY POLICE DEPARTMENT did conduct a perfunctory investigation in or around March 2019 to allegedly find no wrongdoing and issue no sanctions against Defendants SANTANELLO, MOELLER, or SCHMITT, thus approving Defendants' illegal and improper actions, when SUFFOLK COUNTY and SUFFOLK COUNTY POLICE DEPARTMENT knew and had reason to know that Defendant SANTANELLO employed excessive force and assaulted Plaintiff FRANCES FARLEY on March 5, 2019 and that Defendants MOELLER and SCHMITT failed to report same.

38) As a result of Defendants' actions and inactions, Plaintiff FRANCES FARLEY was forced to suffer physical harm, emotional harm, financial harm, permanent physical and psychological injury, as well as a deprivation of her rights pursuant to the Laws of the United States and the State of New York as a result of the Defendants' conduct.

## FEDERAL CLAIMS

## COUNT ONE
### 42 U.S.C. § 1983 – Excessive Use of Force

39) Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 38 of this Complaint with the same force and effect as though fully set forth herein.

40) Plaintiff was lawfully present and did not present a danger to anyone on March 5, 2019 at 275 McKinley Drive, Mastic Beah, Suffolk County, New York.

41) The assault and physical abuse of Plaintiff by Defendant SUFFOLK COUNTY POLICE OFFICER FRANK SANTANELLO constituted unreasonable and excessive force by a police officer, as well as abuse of process. Such actions were negligent, reckless, careless, unreasonable and unauthorized, as Defendant had a duty not to subject Plaintiff to vicious and abusive police actions but breached this duty.

40) This summary punishment was in violation of the rights promised to Plaintiff under the 4th, 5th, and 14th Amendments to the United States Constitution. In doing so, the Defendants violated clearly established law and the rights to which the

Plaintiff was entitled and did so with recklessness, callous indifference to the outcome of their actions and with malice, all in violation of 42 U.S.C. § 1983.

41)      As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was made to suffer physical injuries, great pain and suffering, and was subjected to great fear and terror, personal humiliation, degradation, and continued to suffer physical pain and mental and emotional distress as a result of the aforesaid unlawful conduct of the Defendants.

42)      In doing so, the Defendants violated clearly established law and the rights to which the Defendant was entitled and did so with recklessness, callous indifference to the outcome of their actions and with malice, all in violation of 42 U.S.C. § 1983.

43)      As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff FRANCES FARLEY was made to endure physical injuries, great pain and suffering, and was subjected to great fear and terror, personal humiliation, degradation, and continued to suffer physical pain and mental and emotional distress as a result of the aforesaid unlawful conduct of the Defendants.

44)      That by reason of the foregoing, Plaintiff FRANCES FARLEY suffered and continues to suffer irreparable injury and monetary damages in excess of ONE MILLION ($1,000,000.00) DOLLARS, as well as punitive damages, costs and attorney's fees, and any other relief this Court may find just and proper.

## COUNT TWO
### 42 U.S.C. § 1983 – Municipal Liability

45)     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 44 of this Amended Complaint with the same force and effect as though fully set forth herein.

46)     Prior to march 5, 2019 and since, Defendants SUFFOLK COUNTY and SUFFOLK COUNTY POLICE DEPARTMENT have permitted and tolerated a pattern and practice of unjustified, unreasonable, and illegal uses of force, abuse of authority, assaults, batteries, and summary punishment by police officers in the employ of SUFFOLK COUNTY and the SUFFOLK COUNTY POLICE DEPARTMENT.

47)     Although such assaults, batteries, abuses of authority, illegal uses of force, and summary punishments were improper, Suffolk County Police Department Police Officers involved were not seriously prosecuted, disciplined, or subjected to restraint, and such incidents were in fact covered up with official claims that the uses of force were justified and proper. As a result, Suffolk County Police Department police officers were caused and encouraged to believe that civilian persons could be physically abused, assaulted, and battered under circumstances not requiring the use of force, and that such acts of excessive force summary punishment would in fact be permitted by SUFFOLK COUNTY and the SUFFOLK COUNTY POLICE DEPARTMENT.

48)     In addition to permitting a pattern and practice of improper beatings and abuses, Defendants SUFFOLK COUNTY and SUFFOLK COUNTY POLICE DEPARTMENT have failed to maintain a proper system of investigation of all incidents of unjustified and excessive use of force by police officers.

49) Defendants SUFFOLK COUNTY and SUFFOLK COUNTY POLICE DEPARTMENT failed to respond to the continuing and urgent need to prevent, restrain, and discipline police officers who wrongfully assault, batter, use excessive force, and otherwise abuse civilians, and SUFFOLK COUNTY and SUFFOLK COUNTY POLICE DEPARTMENT has failed to find that civilian complaints made against police officers are founded or valid in any way, therefore SUFFOLK COUNTY is liable under 42 U.S.C. § 1983 because SUFFOLK COUNTY has had actual and/or constructive knowledge of the patterns of abuse and excessive force against citizens by its police officers, employees, and/or agents in violation of the United State Constitution, and because of the lack of any meaningful SUFFOLK COUNTY and SUFFOLK COUNTY POLICE DEPARTMENT policy and custom for reviewing complaints of misconduct, Defendant SANTANELO relied upon that flawed policy to continue the pattern of abuse of authority, physical abuse, and excessive force, all in violation of the Plaintiff's rights.

50) SUFFOLK COUNTY and the SUFFOLK COUNTY POLICE DEPARTMENT have maintained a system of review of physical abuse and excessive use of force by police officers that has failed to identify the improper abuses of authority and brutality by police officers and failed to subject officers who abused, beat and/or brutalized citizens to discipline, closer supervision, or restraint, to the extent that it has become the custom of SUFFOLK COUNTY and SUFFOLK COUNTY POLICE DEPARTMENT to tolerate the improper abuses of authority, assaults, batteries, excessive uses of force, and other wrongful actions by police officers.

51) Further, SUFFOLK COUNTY and the SUFFOLK COUNTY POLICE

13

DEPARTMENT permitted a practice of improper investigation, supervision, discipline and retention of Defendant Officers. SUFFOLK COUNTY and the SUFFOLK COUNTY POLICE DEPARTMENT also refused and failed to prosecute the Defendant Officers thereby improperly and in violation of the Plaintiff's rights neglected, failed, and/or delayed in administering an investigation of the circumstances surrounding the instant matter and neglected, failed, and/or delayed in presenting the matter to the District Attorney of the County of Suffolk for presentation to the Grand Jury.

52) Upon information and belief, specific systemic flaws in SUFFOLK COUNTY complaint and/or brutality review process include, but are not limited to, the following:

  a. Preparing reports regarding investigations of beatings and abuse incidents as routine point-by-point justifications of police officer actions, regardless of whether such actions are justified;

  b. Police officers investigating beatings systemically fail to credit testimony by non-police officer witnesses, and uncritically rely on reports by police officers involved in the incident;

  c. Police officers investigating beatings fail to include in their reports relevant factual information which would tend to contradict the statements of the police officers involved;

  d. Supervisory police officers at times issue public statements exonerating police officers for excessive use of force, improper beatings, and use of unnecessary and excessive force before the investigation of the incident by the police department has been completed;

  e. Reports in brutality cases are not reviewed for accuracy by supervisory officers. Conclusions are

frequently permitted to be drawn on the basis of clearly incorrect or contradictory information;

f.   Upon information and belief, perfunctory, cover-up and false reports of police officer review are frequently permitted to be drawn on the basis of clearly incorrect or contradictory information; and,

g.   Reports of unwarranted and excessive uses of force against civilians are disregarded in favor of police irrespective of the allegations of witness testimony.

53)   The foregoing acts, omissions, systemic flaws, policies and customs of the Defendants SUFFOLK COUNTY and SUFFOLK COUNTY POLICE DEPARTMENT caused Defendant SANTANELLO to believe that excessive uses of force and other improper actions would not be aggressively, honestly, and properly investigated, with the foreseeable result that officers are likely to use excessive force in situations where such force is neither necessary nor reasonable.

54)   As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior and violations of state and federal laws, Plaintiff was deprived of was made to suffer physical injuries, great pain and suffering, was subjected to great fear and terror, personal humiliation, degradation, and continued to suffer physical pain and mental and emotional distress as a result of the aforesaid unlawful conduct of the Defendants.

55)   That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of ONE MILLION ($1,000,000.00) DOLLARS, as well as punitive damages, costs and attorney's fees, and any other relief this Court may find just and proper.

**42 U.S.C. §§ 1985 and 1986 - Conspiracy to Commit Civil**
**Rights Violations and Failure to intervene**

56)    Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 55 of this Complaint with the same force and effect as though fully set forth herein.

57)    Defendants SUFFOLK COUNTY, SUFFOLK COUNTY POLICE DEPARTMENT, SANTANELLO, MOELLER, and SCHMITT did intend and conspire to deprive Plaintiff FRANCES FARLEY of her 4th, 5th, and 14th Amendment rights, and jointly caused such deprivation of rights by employing an excessive use of force and causing Plaintiff FRANCES FARLEY to suffer physical and emotional pain and injury.

58)    Defendants SUFFOLK COUNTY, SUFFOLK COUNTY POLICE DEPARTMENT, SANTANELLO, MOELLER, and SCHMITT did intend and conspire to deprive persons of their 4th, 5th, and 14th Amendment rights by acting in concert to unlawfully employ excessive force, harass, intimidate, deprive of liberty and subject individuals such as Plaintiff to summary punishment in a pattern, practice, widespread custom or policy of employing force against persons whom they encounter in the course of their duties.

59)    Further, Defendants SUFFOLK COUNTY, SUFFOLK COUNTY POLICE DEPARTMENT, SANTANELLO, MOELLER, and SCHMITT did intend and conspire to deprive Plaintiff FRANCES FARLEY of her 4th, 5th, and 14th Amendment rights, and jointly caused such deprivation of rights by acting in concert to summarily punish Plaintiff FRANCES FARLEY while not reporting, punishing and/or prosecuting the

aforementioned violations visited upon Plaintiff FRANCES FARLEY by Defendant SANTANELLO and further indifference when Plaintiff reported the harm done to her.

60)    Defendants SUFFOLK COUNTY and SUFFOLK COUNTY POLICE DEPARTMENT did fail to train its agents, employees and assigns including but not limited to SANTANELLO, MOELLER, and SCHMITT in intervening and reporting the aforementioned violations visited upon Plaintiff FRANCES FARLEY by the Defendant SANTANELLO and other persons who report violations of constitutional rights, harassment, unlawful physical force and other violations of law.

61)    Upon information and belief, the Defendants further deprived the Plaintiff of her due process rights; specifically, by conspiring to summarily punish, humiliate, and subject Plaintiff FRANCES FARLEY to great physical and emotional pain and injury without reason or justification, rule of law, and by further denying the Plaintiff her 5th Amendment rights via a conspiracy to cover the misconduct of said Defendants, officers and officials and to prevent Plaintiff's redress for Defendants' collective unlawful conduct against Plaintiff FRANCES FARLEY causing the Plaintiff to suffer and continue to suffer severe physical and emotional harm.

62)    The actions by Defendants denied the Plaintiff her constitutional rights, including but not limited to due process under the law.  All of these rights are guaranteed to the Plaintiff under U.S.C. §§ 1983, 1985, and the 4th, 5th, and 14th Amendments to the United States Constitution.

63)    As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff FRANCES

FARLEY was deprived of her rights, was seriously injured, and was subjected to great fear, terror, personal humiliation and degradation.

64)     Plaintiff FRANCES FARLEY suffered and continues to suffer physical pain and impairment, mental and emotional distress, as a result of the aforesaid unlawful conduct of Defendants.

65)     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of ONE MILLION ($1,000,000.00) DOLLARS, as well as punitive damages, costs and attorney fees, and any other relief this Court may find just and proper.

## STATE CLAIMS

### COUNT FOUR
### New York Law *(Pendent Jurisdiction*) - Negligence

66)     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 65 of this Complaint with the same force and effect as though fully set forth herein.

67)     Defendants SUFFOLK COUNTY, SUFFOLK COUNTY POLICE DEPARTMENT, and SANTANELLO acted negligently in that they had a duty to act reasonably and responsibly and not to act in a manner that would cause injury and/or harm or the threat of harm to the Plaintiff FRANCES FARLEY.

68)     Defendant SANTANELLO had a duty not to subject Plaintiff FRANCES FARLEY to excessive and deadly force, constitutional violations, summary punishment, assault, battery, harassment, or otherwise abuse Plaintiff FRANCES FARLEY.

18

Defendant SANTANELLO, by his actions, breached those duties.

69)     Defendants SUFFOLK COUNTY and SUFFOLK COUNTY POLICE DEPARTMENT violated the Plaintiff's rights secured under the United States Constitution and 42 U.S.C. § 1983, and were careless, negligent and reckless in the care and treatment of Plaintiff FRANCES FARLEY by failing to train, supervise, discipline, and investigate the Defendant Police Officers involved in the instant matter.

70)     Defendants SUFFOLK COUNTY and SUFFOLK COUNTY POLICE DEPARTMENT knew or should have known of propensities of Defendant SANTANELLO for the conduct which caused substantial and severe injury to the Plaintiff.

71)     That by reason of the foregoing, Plaintiff suffers and continues to suffer irreparable injury and monetary damages in excess of ONE MILLION ($1,000,000.00) DOLLARS, as well as punitive damages, costs and attorney's fees, and any other relief this Court may find just and proper.


### COUNT FIVE
### New York Law (*Pendent Jurisdiction*) – Assault & Battery

72)     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 71 of this Complaint with the same force and effect as though fully set forth herein.

73)     Defendant SANTANELLO assaulted and battered Plaintiff FRANCES FARLEY and wrongfully, unlawfully and without privilege, consent, emergency, necessity, or justification, forced Plaintiff FRANCES FARLEY to endure physical pain

and abuse.

74)     Plaintiff FRANCES FARLEY at no time consented to such abuse or seizure of her person by Defendant SANTANELLO. Said actions were intentional and aimed at injuring and causing Plaintiff harm discomfort, pain, and humiliation.

75)     Plaintiff FRANCES FARLEY was battered, hurt, thrown, violently handled, and physically abused against her will by Defendant SANTANELLO.

76)     Defendant SANTANELLO did restrain, use force, and abuse Plaintiff FRANCES FARLEY, placing her in fear of imminent danger and/or bodily harm, and subjected her to great pain and physical injury by virtue of the conduct of Defendant SANTANELLO, including, but not limited to, the unwarranted and unjustified excessive use of force on the body of Plaintiff FRANCES FARLEY.

77)     That by reason of the foregoing, Plaintiff FRANCES FARLEY suffered and continues to suffer irreparable injury and monetary damages in excess of ONE MILLION ($1,000,000.00) DOLLARS, as well as punitive damages, costs, and attorney's fees, and any other relief this Court may find just and proper.


### COUNT SIX
**New York Law (*Pendent Jurisdiction*) -  Intentional Infliction
of Emotional Distress**

78)     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 77 of this Complaint with the same force and effect as though fully set forth herein.

79)     Defendant SANTANELLO, through his conduct, acts, and omissions,

acted outrageously and beyond the bounds of decency by his excessive use of force and physical abuse of Plaintiff FRANCES FARLEY, causing her to suffer great pain, shame, humiliation, and anguish.

80)     Defendant SANTANELLO committed the above-stated reprehensible, extreme, and outrageous conduct against Plaintiff FRANCES FARLEY with intent and full knowledge that his conduct would cause severe and extreme emotional and physical harm to Plaintiff.

81)     Extreme emotional harm, with psychological and physical symptoms manifesting therefrom, did in fact occur in this case, in that the Plaintiff suffered and continues to suffer from emotional exhaustion, physical manifestation of symptoms of anxiety, night terrors, sleep disturbances, and grief.

82)     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of ONE MILLION ($1,000,000.00) DOLLARS, as well as punitive damages, costs and attorney's fees, and any other relief this Court may find just and proper.


## COUNT SEVEN
### New York Law (*Pendent Jurisdiction*) - Negligent Infliction of Emotional Distress

83)     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 82 of this Complaint with the same force and effect as though fully set forth herein.

84)     Defendants SUFFOLK COUNTY, SUFFOLK COUNTY POLICE

DEPARTMENT, SANTANELLO, MOELLER, and SCHMITT, through their conduct, acts, and omissions, acted outrageously and beyond the bounds of decency for their respective roles in the excessive use of force and physical abuse of Plaintiff FRANCES FARLEY and failing to report, concealing, covering up, and failing to redress the wrongs done to the Plaintiff. As a result, Plaintiff FRANCES FARLEY suffered great pain, shame, humiliation and anguish.

85) The Defendants committed the above stated reprehensible, extreme and outrageous conduct against Plaintiff FRANCES FARLEY, knowing or having reason to know that their conduct would cause severe and extreme emotional and physical harm to the Plaintiff, with such extreme harm being the natural, logical, and foreseeable consequence of their actions.

86) Said extreme emotional harm, with psychological and physical symptoms manifesting therefrom, did in fact occur in this case, in that the Plaintiff, FRANCES FARLEY, personally suffered and continues to suffer from emotional exhaustion, physical manifestation of symptoms of anxiety, night terrors, sleep disturbances and grief. Plaintiff further suffers the emotional and physical symptoms of intense stress, anguish, and psychological trauma, knowing that she was debilitated, humiliated, and caused to suffer fear for her well-being and anguish by the acts of the Defendants.

87) That by reason of the foregoing, Plaintiff suffers and continue to suffer irreparable injury and monetary damages in excess of ONE MILLION ($1,000,000.00) DOLLARS, as well as punitive damages, costs and attorney's fees, and any other relief this Court may find just and proper.

**WHEREFORE** Plaintiff demands judgment against Defendants:

a.  on Count One the sum of ONE MILLION ($1,000,000.00) DOLLARS;

b.  on Count Two the sum of ONE MILLION ($1,000,000.00) DOLLARS;

c.  on Count Three the sum of ONE MILLION ($1,000,000.00) DOLLARS;

d.  on Count Four the sum of ONE MILLION ($1,000,000.00) DOLLARS;

e.  on Count Five the sum of ONE MILLION ($1,000,000.00) DOLLARS;

f.  on Count Six the sum of ONE MILLION ($1,000,000.00) DOLLARS;

g.  on Count Seven the sum of ONE MILLION ($1,000,000.00) DOLLARS;

h.  Punitive damages in the amount of FIVE MILLION ($5,000,000) DOLLARS;

i.  Awarding attorney's fees and costs of this action to the Plaintiff pursuant to 42 U.S.C. § 1988; and,

k.  Awarding such other and further relief as this Court may deem appropriate.


*A JURY TRIAL IS HEREBY DEMANDED*

Dated:  Central Islip, New York
       May 26, 2019

Respectfully submitted,

**LAW OFFICES OF JASON BASSETT, P.C.**

_____
*Attorney for Plaintiff*
JASON BASSETT (JB0329)
320 Carleton Avenue, Suite 4200
Central Islip, New York 11722
(tel)  631-863-9455